Wheeeeb, J.
Tlie sole question in tiiis case is, whether, in a judgment upon a contract in which interest is stipulated at ten per cent., any and what interest may be allowed from tlie date of the rendition of the judgment?
Tlie only legislation upon tlie subject is contained in the act of tlie IStli of January, Í84Ó, “to regulate interest.” (Hart. Dig., p. 490, 497.)
The construction of this statute, adopted by common consent throughout the country, and which lias become tlie settled practice of tlie courts, has been to allow interest at eight per cent, ou all judgments except those rendered upon contraéis in writing in which the parties have contracted for a higher rate of interest; and where that is the case, to allow tlie conventional interest, not exceeding twelve per cent.
Such, from tlie terms and import of all tlie provisions of the statute, taken and construed together as a whole and considered in reference to the law as formerly understood and practiced, I believe to have been the intention of the Legislature. Sueli appears to have been the generally-received understanding (if tlie law by those who were first called upon to construe it, and such has been the settled practice tinder id for years and until a different construction was first proposed in tiiis case.
The supposition that the new construction now contended for was intended seems to me totally inadmissible.
To suppose that tile Legislature actually intended that no interest should he allowed after judgment upon contracts which by the same enactment they recognise and sanction as legal, declaring that upon them tlie stipulated interest “‘shall be taken, recovered and allowed,” would be, it seems to me, to suppose them regardless of tlie consistency and propriety of their enactments as well as of a proper respect for the constitutional inhibition against impairing' the obligation of contracts.
I do hot think tiiis case demands that we should enter upon an inquiry into tin; origin, history, and principles of the law of interest as it has existed in tiiis and other countries. It is, however, I apprehend, a mistake to suppose that, as now recognized in commercial countries, interest is the creature of Statutes. It lias been very generally the subject of statutory regulation, not, however, to render it lawful to contract for interest, but to make'it unlawful to contract for and to prohibit tlie collection of exorbitant interest characterized by the odious appellation of usury.
I deem it unnecessary to enter upon a critical analysis and comparison of tlie several provisions of tlie statute. Previous to its passage, all judgments, I take it, have the same rate of interest here as the contracts on which *220 they were founded. In my opinion, the only change, in this respect which the statute was intended to operate or has operated is that it lias made eight per cent, the minimum rate of interest on judgments.
Note 84. — Coles v. Kelsey, 13 T., 75.
I am of opinion, therefore, that the judgment of tiio District Court be reversed, and that judgment be here rendered for tiio plaintiff in accordance with his motion in tiie court below.
Hemphill, Ch. J.
I have examined the question raised on this appeal with some degree of attention. Tiie proviso in the fifth section is, in the literal and more obvious import of its terms, at war with the other provisions and the general scope and spirit of the statute. Under such circumstances it is difficult to ascertain the true intent and meaning of tiie Legislature, which of course must always exact obedience and enforcement. Oil considering the proviso in connection vvitii the other provisions of the statute, and the general scope and policy of the statute, I concur in the result of tiie conclusions attained by Mr. Justice Wheeler as to the true construction of the proviso, and am'of opinion that the judgment be reversed, and tiie judgment hero rendered which should have been entered before.
Reversed and reformed.